# SUPREME COURT.

## MALTBY G. LANE agt. SIMEON LOSEE and others.

The last paragraph of subdivision 5, section 244 of the Code, says, "When the defendant admits part of the plaintiff's claim to be just, the court, on motion, may order such defendant to satisfy that part of the claim, *and may enforce the order as it enforces a provisional remedy*."

Now, the question is, does this provision apply where the defendant admits part of the plaintiff's demand, *arising upon an ordinary civil contract*—as upon a promissory note.

*Held*, not. The provision in question cannot affect any demand, or any part of a demand arising upon contract, where such contract is within the meaning of the first section of the act of 1831, abolishing imprisonment for debt. Otherwise imprisonment for debt is reinstated, and the act of 1831, in part at at least, repealed by indirect implication.

*At Chambers, New-York, September,* 1855.

THIS was an action against the makers of promissory notes, amounting to $1,667.84.

The defendants, without denying the demands, claim a set-off for money laid out and expended, and work and labor, amounting to $150, tacitly admitting a balance due to plaintiff of $1,517.84.

The plaintiff now moves, under the last paragraph of subdivision 5, section 244, of the Code, that the defendants may be ordered to satisfy that part of the demand thus tacitly admitted, and that the court enforce the order as it enforces a provisional remedy: that is, by commitment, as for contempt.

NILES & BAGLEY, *for plaintiff*.
I. T. WILLIAMS, *for defendants*.

CLERKE, Justice. It will be seen, that the only relation subsisting between the parties in this action is the ordinary one of debtor and creditor. Does the section in question apply to this relation? Were we permitted to regard the paragraph isolated, and detached from the Code, and the statutes remain-

ing in force, the language in which it is expressed may seem to warrant the construction which the plaintiff maintains.

It says, "When the defendant admits part of the plaintiff's claim to be just, the court, on motion, may order such defendant to satisfy that part of the claim, and may enforce the order, as it enforces a provisional remedy :" that is, it may commit the defendant as for a contempt, if he should not pay the portion of the demand which he admits to be just. But, however apparently plain this language may be, when the paragraph is considered alone and detached, there are, I think, insuperable objections to the construction which the plaintiff has urged upon the court.

1st. In the first place, such a construction would be most manifestly at variance with the spirit and policy of our legislation for nearly a quarter of a century, and with the uninterrupted current of public opinion during that period.

It would subject a party to imprisonment for a mere debt, in direct contravention of the act passed on the 26th of April, 1831, expressly for the purpose of exempting all persons from imprisonment in any suit or proceeding instituted for the recovery of money due upon any judgment or decree, founded upon contract, express or implied, or for the recovery of any damages for the non-performance of any contract, except actions on promises to marry, and other cases not within the range of ordinary contracts—such as actions for fines and penalties, or for moneys collected by any public officer, or for any misconduct or neglect in office, or in any professional employment.

If this construction, however, can be sustained, imprisonment for debt is reinstated in our statute book, notwithstanding this act, and in spite of public opinion, and the whole tenor of legislation on this subject.

2d. This construction would be an indirect repeal, in part at least, of the act of 1831, abolishing imprisonment for debt. But can a statute, particularly a statute of this benignant character, in favor of human liberty, and abrogating a barbarian usage, be repealed in this way.

An old statute, indeed, gives place to a new one; but this

is to be understood only when the latter statute is couched in negative terms, or when its matter is so clearly repugnant that it necessarily implies a negative.

The invariable rule of construction in respect to the repealing of statutes by implication is, that the earliest act remains in force, unless the two are manifestly inconsistent with, and repugnant to each other, or unless by the latter act some express notice is taken of the former, plainly indicating an intention to abrogate it.

As laws are presumed to be passed with deliberation, and full knowledge of all existing ones on the same subject, it is reasonable to conclude that the legislature, in passing a statute, did not intend to *interfere* with or abrogate any former law relating to the same matter, unless the repugnancy between the two is irreconcilable.  Hence a repeal by implication is not favored. (*Bowen* agt. *Lease*, 5 *Hill*, 225.)

3d. The construction contended for presents an anomaly, which neither law nor reason favors.  It will be remembered, that in the case before us, the admission by the defendant of *part* of the claim is not express, but implied, precisely like an admission of the whole demand, where a defendant allows judgment to go against him by default. . This, in fact, is a default against the defendant for a part instead of the whole.  Now it will not be pretended, if he put in no answer, and allowed judgment to be entered against him by default on the whole demand, that the remedy now sought for could be applied; it would be too palpable an attempt to override the act of 1831.  And yet it is gravely contended that this very thing can be done when only a part of the demand is admitted; a demand arising upon the most ordinary and familiar of all contracts—promissory notes.  This is an absurdity, a contradiction, which the legislature could not have intended to place upon the statute book.  To allow imprisonment for a fragment of a debt while they had abolished it as a remedy for the whole, is an anomaly which it cannot be supposed any legislative body could have contemplated.

For these reasons, therefore, I cannot believe that the pro-

vision in question affects any demand, or any part of a demand, arising upon contract, when such contracts are within the meaning of the first section of the act of 1831.

We find it under chapter five of the Code, entitled "Provisional Remedies," belonging to Title VII, entitled "Of the Provisional Remedies in Civil Actions." The second chapter of this title relates to the claim and delivery of personal property : provides the method, by which a plaintiff claiming *specific* property can have it delivered to him before or after judgment.

The provision, which is the subject of discussion in this motion, is the last of the three paragraphs appended to the 5th subdivision of § 244. They are not numbered, and are introduced in a loose and informal manner, very unusual in the Code ; and I am strongly inclined to suspect that they have got into the wrong place.

The first of these paragraphs provides, when a party admits that he has in his possession, or under his control, *any money*, or *other thing, capable of delivery, &c.*, held by him as trustee for another party, or which belongs, or is due to any other party, the court may order the same to be deposited in court, or delivered to the party to whom it is admitted to belong.

This contemplates the admission of the *whole* claim ; and I think, plainly relates to *specific property*, whether money, or anything else, that can be traced or identified, which it is alleged the defendant unjustly detains, or moneys which is not the subject of a demand, and arising from the breach of an ordinary contract.

The second paragraph, appended to this subdivision, authorizes the court, whenever it shall direct the deposit, or delivery, or conveyance of money, or other property, and the order is disobeyed, besides punishing the disobedience as for contempt, to make an order requiring the sheriff *to take the money* or property, and deposit, deliver, or convey it, in conformity with the direction of the court.

This evidently also relates to specific money or other property, or money which is not the subject of a demand arising

from the breach of an ordinary contract.    Then comes the provision in question relating to the admission of "a part of the claim," importing also a specific thing; or, if money, not an ordinary money demand, authorizing the court to make the same order as when the whole is admitted, and in like manner to punish the disobedience of the order as for contempt.

In short, I am of opinion that these provisions are intended for cases denoting more flagrant want of fidelity, and consequently greater moral turpitude, than the nonfulfilment of an ordinary contract; it being more probable that the dereliction in the one case originated in fraud; in the other, in misfortune.

In the one, the party is under the most solemn obligations of law and conscience not to risk the loss or deterioration of the property entrusted to his care, and to be ready to account for it at all times; while in the other, the performance of the promise or the payment of the debt, is contingent upon a variety of circumstances, over which the most prudent and upright often have no control.

A person who refuses to restore specific funds entrusted to his custody, or which he has received as an agent, or in any fiduciary capacity, or any other specific thing, which he has possession of, belonging to another, whether as a bailor or otherwise, not only fails to perform a promise, but is disloyal to his trust; and to him, and not to the ordinary debtor, do these provisions apply.

The motion is denied, with costs.